GOODWIN, Circuit Judge:
Moghanian is an Iranian student who came to this country in 1973 to go to school. He attended school, but for reasons not directly relevant here he did not attend the school designated in his application for his student visa. Upon learning of the discrepancy, the Immigration and Naturalization Service revoked his student visa and moved to deport him. Moghanian sought to prevent deportation under § 243(h) of the Immigration Act, 8 U.S.C. § 1253(h),[1] on the ground that as a Jew he would be subject to persecution in predominantly Moslem Iran. The immigration hearing officer and the Board of Immigration Appeals denied his claim, and he appeals to this court.
*142 The primary issue tendered by the parties is whether the hearing officer and the Board applied the proper legal standard in rejecting Moghanian’s claim of persecution, and, if not, whether a remand is necessary for a new determination.
The standard the agency articulated was whether Moghanian showed that “his life or freedom would be threatened in Iran on account of his race, religion, nationality, membership in a particular social group, or political opinion.” The Board selected the quoted language from its own decision in Matter of Dunar, Interim Decision 2192 (1973).
This court, in Kovac v. Immigration and Naturalization Service, 407 F.2d 102 (9th Cir. 1969), defined persecution under § 243(h) as “the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive.” 407 F.2d at 107. Kovac was a merchant sailor whose ship had sailed without him. He tried to claim political asylum under § 243(h).
The government now urges us to place our imprimatur on the Dunar language, and presumably to back away from the more lenient definition of “persecution” found in Kovac. This we decline to do. Kovac was a well-reasoned decision which we have no basis for re-examining at this time.
While the parties may desire an advisory opinion, we have concluded that the record in this case does not warrant a remand, and, accordingly, there is no basis for extended dicta about the standard to apply in the event a remand were to be ordered.
This case is very close on its facts to Pereira-Diaz v. Immigration and Naturalization Service, 551 F.2d 1149, 1154 (9th Cir. 1977). There we held that the petitioner’s undocumented claim amounted to nothing more than a statement of his opinion that he might be persecuted. We found no abuse of discretion.
Here, the petitioner has laid before the Immigration hearing officer nothing more than his undocumented claim that when he was a child other children were rude to him and that as a member of a religious minority he is apprehensive of ill treatment in his native land. In this case, it is as clear as it was in Pereira-Diaz that, whatever standard the agency purported to follow, no abuse of discretion has been demonstrated.
Congress has committed to the executive (the Attorney General) a discretion which is subject to very narrow judicial review. Khalil v. District Director, Immigration and Naturalization Service, 457 F.2d 1276 (9th Cir. 1972).
As we pointed out in Kovac, this court has the duty to see that the agency employs a correct legal standard, but it is necessary to reverse an agency decision only when it appears that the standard applied was both incorrect as a matter of law and that the rights of the petitioner were adversely affected by that application. Here there is no need to dissect the agency’s statement of its standard, because there is no reason to believe that Moghanian’s claim would activate executive discretion in his favor under the most liberal reading of the Kovac case.
Affirmed.

. “(h) Withholding of deportation.
The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason. (June 27, 1952, ch. 477, title II, ch. 5, § 243, 66 Stat. 214; Oct. 3, 1965, Pub.L. 89-236, § 11(f), 79 Stat. 918.)”