COMMUNITY–SUFFOLK, INC.,
Plaintiff,

v.

The DENVER AND RIO GRANDE
WESTERN RAILROAD COMPA-
NY, Defendant.

Civ. A. No. 78–2057–C.

United States District Court,
D. Massachusetts.

July 30, 1979.

Frank Infelise, Lynn, Mass., for plaintiff.

Kevin J. Mulvey, Ferriter, Walsh & Mulvey, P. C., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the court on defendant's motion to dismiss. Plaintiff seeks to recover damages for the loss of an interstate shipment of perishable food and asserts that the court has jurisdiction on the basis of the Carmack Amendment 49 U.S.C.

§ 20(11). The Carmack Amendment to the Interstate Commerce Act 49 U.S.C. § 20(11) requires a carrier receiving freight from the shipper for transportation in interstate commerce to obligate itself to carry that freight to its destination through the agency of connecting carriers. Defendant argues that Section 20(11) confers only subject matter jurisdiction and that this court lacks inpersonam jurisdiction over it. The motion is supported by the uncontroverted affidavit of defendant's General Manager which establishes a number of facts for purposes of this motion.

Defendant railroad is a Delaware corporation which maintains its principal executive offices in Denver, Colorado and operates as a common carrier of freight and passengers within the geographical boundaries of Colorado and Utah. On August 5, 1976 the defendant became the initial carrier of a shipment of spinach which was to travel from Ft. Garland, Colorado to Everett, Massachusetts. Defendant carried the shipment from Ft. Garland, Colorado to Pueblo, Colorado where it was transferred to a connecting carrier to continue its interstate journey.

The defendant does not now and never has done business in Massachusetts although on occasion its boxcars may travel through the Commonwealth on the lines of other railroads. Additionally, defendant has never qualified to do business in Massachusetts, has never appointed an agent for service of process in Massachusetts and has no real property, bank accounts or personal property of any description within Massachusetts. Defendant has no office in Massachusetts but occasionally sends salesmen into the Commonwealth to visit patrons for the purpose of soliciting business. It is clear therefore that any connection between defendant and the district of Massachusetts is tenuous at best.

■ When a defendant files a motion to dismiss for lack of jurisdiction the plaintiff has the burden of establishing facts upon which personal jurisdiction may be based.

*Kvos, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Aro Manufacturing Co. v. Automobile Body Research Corp.*, 352 F.2d 400 (1st Cir. 1965), cert. denied 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966). The court must determine therefore whether plaintiff has sustained this burden.

When the framers of Article III granted Congress the power to create a system of inferior federal courts they conferred upon the Congress complete discretion to define the powers of any such courts it might choose to create. *Martin v. Hunter's Lessee*, 1 Wheat. 304, 14 U.S. 304, 4 L.Ed. 97 (1816); *Briggs v. Goodwin*, 186 U.S.App.D.C. 179, 569 F.2d 1 (D.C.Cir.1977), cert. granted sub nom., *Stafford v. Briggs*, 439 U.S. 1113, 99 S.Ct. 1015, 59 L.Ed.2d 71 (1979). Thus when it became necessary for Congress to fashion a system of lower federal courts in order to accommodate the needs of the nation, it started with a clean slate. Clearly therefore, although Congress chose to harmonize the geographical boundaries of the United States districts with state borders it need not have done so. To infer that by so doing Congress intended those district lines, which it could redraw at any time, to take on the same constitutional dimensions as state territorial boundaries is to attach an excess of significance to an organizational scheme. See *Driver v. Helms*, 577 F.2d 147 (1st Cir. 1978); cert. denied 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Briggs v. Goodwin, supra.*

■ Under this analysis, the "minimum contacts" test of *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny is not applicable in cases involving a purely federal question when the jurisdiction of the district court arises therefrom. In those cases the court need only determine whether Congress intended the court to have jurisdiction over the defendant by ascertaining whether Congress authorized service of process upon that person. *Driver v. Helms, supra* at 155.[1]

---

1. Although jurisdiction over the person and service of process are distinguishable the distinction between them has little significance in federal court except where the diversity juris-

Congress' power to authorize nationwide service of process has been recognized by the Court of Appeals for this Circuit so long as that service is reasonably calculated to inform the defendant of the pendency of the proceedings. *Driver v. Helms, supra* at 157 (quoting *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974). The defendant herein was served in Colorado. Thus this court must find that the service of process in Colorado was authorized by Congress[2] and was reasonably calculated to provide notice to the defendant before it may exercise in personam jurisdiction over the defendant.

Fed.R.Civ.P. 4(e) provides that service may be made upon a party not an inhabitant or found within the state in which the district court is held in the manner prescribed by any applicable statute of the United States or order of the court. Rule 4(e) further provides that if there is no such provision prescribing the manner of obtaining service, the court may follow the manner prescribed by statute or rule of court of the state in which the district court is held. There being no applicable federal statute or court order, the court need only look to the law of Massachusetts.

■ The law of Massachusetts provides for extra territorial service of process by certified mail when the party to be served is within the personal jurisdiction of the state court. Mass.Gen.Laws ch. 223A § 6. Mass.Gen.Laws ch. 223A § 3 sets out the transactions or conduct which will bring an out of state party within the personal jurisdiction of the court.

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth; or

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting; or

(g) living as one of the parties to a duly and legally executed marriage contract, with the marital domicile of both parties having been within the commonwealth for at least one year within the two years immediately preceding the commencement of the action, notwithstanding the subsequent departure of the defendant in said action from the commonwealth, said action being valid as to all obligations or modifications of alimony, custody, child support or property settlement orders relating to said marriage or former marriage, if the plaintiff continues to reside within the commonwealth.

■ The Supreme Court has ruled that the purpose of the Carmack Amendment is to secure for the interstate shipper "unity of transportation and responsibility" and not "to make foreign corporations through connecting carriers liable to suit in a dis-

diction of the court has been invoked. When a federal district court exercises its jurisdiction on that basis, it functions as a court of the state in which it sits. In that instance, because the power of the court to exercise in personam jurisdiction is commensurate with the power of a state court, it may be called upon to consider whether or not it may constitutionally exercise jurisdiction over a party not found within the

territorial boundaries of the state in which its sits. *Driver v. Helms, supra* at 155 n. 23.

**2.** There being no supplementary statutory provisions governing service of process in this case, the court will confine its inquiry to the provisions of Rule 4 of the Federal Rules of Civil Procedure.

trict where they were not carrying on business in the sense which had heretofore been held necessary to confer jurisdiction." *St. Louis Southwestern Railway Co. v. Alexander*, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486 (1913).

Thus, for purposes of establishing jurisdiction pursuant to the Massachusetts Long Arm Statute, the activities of connecting carriers within Massachusetts are not attributable to the defendant and plaintiff must establish that the controversy has arisen from some conduct of the defendant which satisfies the Massachusetts statute. Plaintiff has failed to do so.

Plaintiff's complaint sets forth no facts which bring the defendant within the personal jurisdiction of this court and no affidavit or evidence of any kind has been offered to supplement the complaint. Furthermore, the affidavit offered by the defendant sets forth no facts which would be a basis for jurisdiction under the Massachusetts Long Arm Statute. I rule that plaintiff has not sustained its burden, and that therefore, defendant's motion to dismiss should be allowed. Order accordingly.