Sara BLACKBURN et al.,
Plaintiffs-Appellees,

v.

Guy L. GOODWIN, Defendant-Appellant,

and

John J. Kearney et al., Defendants.

Lewis COLE, Plaintiff-Appellee,

v.

Guy L. GOODWIN, Defendant-Appellant,

and

John J. Kearney et al., Defendants.

No. 696, Docket 78–7592.

United States Court of Appeals,
Second Circuit.

Argued March 8, 1979.
Decided Sept. 10, 1979.

**920**

Leon Friedman, Hempstead, N. Y. (Paul G. Chevigny, New York City, New York Civil Liberties Union, Steven R. Shapiro, New York City, of counsel), for plaintiffs-appellees.

Peter M. Brown, New York City (Cadwalader, Wickersham & Taft, Earl H. Nemser and Robert L. Sills, New York City, of counsel), for defendant-appellant.

Before SMITH, MANSFIELD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

In two actions brought in the United States District Court for the Southern District of New York individual plaintiffs complained that the defendants, former and present F.B.I. employees, either participated in or authorized the wiretapping of their conversations, the breaking and entering of their homes, and the opening of their mail in violation of 18 U.S.C. §§ 2511, 2520, the First, Fourth and Ninth Amendments, as well as the New York common law right of privacy. These allegedly unlawful activities by F.B.I. agents and employees relate to the investigation from 1970 through 1972 by "Squad 47", part of the Bureau's New York office into the "Weathermen", a group of persons considered to be radicals and terrorists. Among the defendants was Guy L. Goodwin, an attorney with United States Department of Justice in Washington, D.C. The complaints alleged that Goodwin, who had been chief of the special litigation section of the internal security division of the Justice Department at the time the allegedly unlawful acts had been committed, had been aware of these activities and had authorized and procured them. The plaintiffs sought damages as well as injunctive and declaratory relief.

■ In the *Blackburn* action, the defendant Goodwin was personally served with process in Washington, D.C. while in *Cole* he was served there by certified mail. The asserted bases for jurisdiction were 28 U.S.C. § 1391(e) and the New York "long-arm" statute, N.Y.C.P.L.R. § 302 (McKinney 1972 & 1978 Supp.). In the district court defendant Goodwin moved for an order dismissing the complaints as to him pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction. The court below, Hon. Charles S. Haight, Jr., Judge, denied the motion, holding that section 1391(e) provided both venue and personal jurisdiction over the defendant Goodwin. An interlocutory appeal[1] was certified pursuant to 28 U.S.C.

---

1. This appeal was argued on March 8, 1979. However, the panel determined to defer its decision until the Supreme Court decided *Stafford v. Briggs* and *Colby v. Driver*, two cases on appeal from the First and D.C. Circuits respectively, which involved essentially the same issues raised on this appeal. On May 4, 1979 the Supreme Court restored both *Stafford* and *Colby* to the calendar for reargument during the October 1979 term. —— U.S. ——, 99 S.Ct.

§ 1292(b) since the order involved a controlling question of law, *i. e.*, whether section 1391(e) provides a district court with venue and nationwide *in personam* jurisdiction in a personal damage action against a United States official in his individual capacity for allegedly illegal and unconstitutional acts committed during the course of his employment.[2]

Section 1391(e) provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

Since this is a civil action brought against an officer or employee of an agency of the United States and plaintiffs all allege residence in the Southern District of New York, and since service, although not made personally in the Southern District, was in conformity with the statute, it would appear at first blush that Judge Haight reached a proper conclusion and indeed one previously reached by two courts of appeals in other circuits. *Driver v. Helms*, 577 F.2d 147, 154–56 (1st Cir. 1978), cert. granted sub nom. *Colby v. Driver*, 440 U.S. 953, 99 S.Ct. 1490, 59 L.Ed.2d 767 (1979); *Briggs v. Goodwin*, 186 U.S.App.D.C. 170, 176–177, 569 F.2d 1, 7–8 (D.C. Cir. 1977), cert. granted sub nom. *Stafford v. Briggs*, 439 U.S. 1113, 99 S.Ct. 1015, 59 L.Ed.2d 71 (1979).[3] Although the case is not without difficulty, we are persuaded that section 1391(e) does not apply here. Accordingly, we reverse the order of the district court and dismiss both complaints as to the appellant Goodwin for lack of personal jurisdiction.

We commence by observing that although this precise issue has not previously been before us, we have construed section 1391(e) in the past. In *Natural Resources Defense Council, Inc. v. Tennessee Valley Authority*, 459 F.2d 255, 258 (2d Cir. 1972), Judge Friendly cautioned:

§ 1391(e) was not the whole statute which Congress enacted in 1962. It was the second section, the first being what has been codified as 28 U.S.C. § 1361, *and the two must be read together.* (Emphasis supplied.)[4]

2 157, 60 L.Ed.2d 1042 (1979). The panel thereupon reconsidered and decided to write.

2. The plaintiffs' alternative reliance on the New York long-arm statute, particularly section 302(a)(2), was based on the theory that Goodwin, the nondomiciliary, was acting as a co-conspirator with the New York F.B.I. agents and hence was within the jurisdiction of the Southern District. See Rule 4(e), F.R.Civ.P. The court concluded that the plaintiffs' allegations on this issue were conclusory and insufficient as a basis for jurisdiction. This holding is not before us here.

3. See note 1, *supra.* Review was granted in these two cases on the following issues: (1)

whether section 1391(e) provides U.S. district courts with nationwide personal jurisdiction over federal officials sued for damages in their individual capacities for acts allegedly performed under color of law, and (2) whether this grant of personal jurisdiction violates the Due Process Clause of the Fifth Amendment. 439 U.S. 1113, 99 S.Ct. 1015, 59 L.Ed.2d 71 (1979).

4. We note that the district court's opinion below does not cite or discuss Judge Friendly's opinion in *Natural Resources Defense Council* in deciding whether the venue provision of section 1391(e) applies to a personal damage action against a federal official in his individual capacity. However, the district court did fol-

Sections 1361 and 1391(e) were enacted together as part of the Mandamus and Venue Act of 1962 (the Act). Pub.L. 87–748, § 2, 76 Stat. 744. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The overall purpose of the Act was stated in the House and Senate reports as follows:

> The purpose of this bill . . . is to make it possible to bring actions against Government officials and agencies in U.S. district courts outside the District of Columbia, which, because of certain existing limitations on jurisdiction and venue, may now be brought only in the U.S. District Court for the District of Columbia.

H. Rep. No. 536, 87th Cong., 1st Sess. 1 (1961) [hereinafter House Report]; S. Rep. No. 1992, 87th Cong., 2d Sess. (1962), in 1962 U.S. Code Cong. & Admin. News, pp. 2784, 2785 [hereinafter Senate Report].

The "existing limitations on jurisdiction and venue" which the Act was designed to cure have been recounted by Judge Friendly in *Liberation News Service v. Eastland*, 426 F.2d 1379, 1383 (2d Cir. 1970) and in *Natural Resources Defense Council, Inc. v. Tennessee Valley Authority, supra*, 459 F.2d at 258–59. The problem began with *M'Intire v. Wood*, 11 U.S. (7 Cranch) 504, 3 L.Ed. 420 (1813), where the Supreme Court held that lower federal courts lacked mandamus jurisdiction over federal officers. In *Kendall v. United States ex rel. Stokes*, 37 U.S. (12 Pet.) 524, 9 L.Ed. 1181 (1838), the Court remedied the situation somewhat by holding that mandamus actions could be heard in the Circuit Court for the District of Columbia. In order to avoid the jurisdictional limitations of *M'Intire*, plaintiffs sought injunctive rather than mandamus relief against federal officers. However, this procedure was burdened by the requirement that the official's superior officer, who usually resided in Washington, D.C., be joined as an indispensable party. See *Williams v. Fanning*, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95 (1947). By reason of these holdings, proceedings by way of mandamus and injunction against federal officials were virtually confined to the Circuit Court for the District of Columbia.

Through the 1962 Act, Congress sought "to facilitate review by the Federal courts of administrative actions"[5] in two ways: firstly, by enacting 28 U.S.C. § 1361, which grants to all district courts original jurisdiction over actions to mandamus federal officers, employees and agencies; and secondly, by broadening the venue provisions of Title 28 through section 1391(e) "so that when a superior officer residing in Washington was a necessary party the action could still be brought in the field . . . ." *Liberation News Service v. Eastland, supra*, 426 F.2d at 1384. The House Report accompanying the two-part bill indicates that the purpose of section 1391(e) was "similar to that of [section 1361]." The new venue provision was

> designed to permit an action which *is essentially against the United States* to be brought locally rather than requiring that it be brought in the District of Columbia simply because Washington is the official residence of the officer or agency sued.

House Report, *supra*, at 2 (emphasis added). Moreover, both the House and Senate Reports emphatically note the qualification that section 1391(e) was intended by Congress to apply only to "actions which are in essence against the United States." House Report, *supra*, at 2–4; Senate Report, *supra*, at 2786; see *Macias v. Finch*, 324 F.Supp. 1252, 1254–55 (N.D.Cal.1970).

█ It is clear from the legislative history that section 1391(e) provides for venue in cases where the plaintiff seeks to compel or enjoin governmental action by suing a federal officer in his official capacity. *Libera-*

---

low *Driver v. Helms, supra*, 577 F.2d at 151–52, where the First Circuit explicitly rejected the argument that section 1391(e) should be construed as a companion to section 1361.

**5.** S. Rep. No. 1992, 87th Cong., 2d Sess. (1962), in 1962 U.S. Code Cong. & Admin. News, pp. 2784, 2785.

*tion News Service v. Eastland, supra,* 426 F.2d at 1383. These are suits in essence against the United States. See 3 Davis, Administrative Law § 27.08, at 586 (1958). Further they are civil actions which prior to 1962 could have been brought only in the District of Columbia, and therefore fall within the express purpose of section 1391(e). *Schlanger v. Seamans,* 401 U.S. 487, 490 n.4, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

■ Congress could hardly have intended, however, that section 1391(e) apply to cases such as the one at hand. This is a personal damage action against a federal official in his individual capacity. Under *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), an action is in essence against the sovereign if "[t]he 'essential nature and effect of the proceeding' may be such as to make plain that the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." Any relief awarded against Goodwin in the case at bar will not be payable from the public fisc but rather will come from the pocket of the individual defendant. The real party in interest here is Goodwin, not the United States. The legislative history nowhere indicates that Congress intended to render such individual defendants more amenable to suit than individual defendants who are not federal officials.[6]

Appellees base much of their argument that section 1391(e) should apply to personal damage actions against federal officials individually on the inclusion within both the House and Senate Reports of a single sentence relating to damage actions. In both sources, the venue problems engendered by the decision in *M'Intire,* and the doctrine of indispensable parties are discussed. Then the reports note that:

[t]he venue problem also arises in an action against a Government official seeking damages from him for actions which are claimed to be without legal authority but which were taken by the official in the course of performing his duty.

House Report, *supra,* at 3; Senate Report, *supra,* at 2786. The statement is somewhat troublesome since it is the sole reference to the question of damage actions in either report and yet it fails to define the particular venue problem to which it refers. However, we are convinced that this reference to damage actions fails to advance appellees' position here.

■ First, in the paragraph following the statement above, the reports reiterate that the venue problems to be remedied by the Act occurred only in "actions which are in essence against the United States." House Report, *supra,* at 3; Senate Report, *supra,* at 2786. This as we have noted is not such an action. Further, it is clear that prior to the enactment of section 1391(e) an action for damages against a federal official in his personal capacity could be entertained in federal courts outside the District of Columbia. See, e. g., *Mitchell v. Harmony,* 54 U.S. (13 How.) 115, 137, 14 L.Ed. 75 (1852) (trespass action for damages against an officer of the Army brought in the Southern District of New York). Cf. *Fischler v. McCarthy,* 117 F.Supp. 643, 646–47 (S.D.N.Y.), aff'd 218 F.2d 164 (2d Cir. 1954) (where action is against a federal official in his individual capacity, proper venue is the defendant's place of personal residence or presence or, in some cases, the place where the offense is alleged to have been committed); *Nesbitt Fruit Products, Inc. v. Wallace,* 17 F.Supp. 141, 143 (S.D.Iowa 1936) (suit against a federal official based on acts outside the scope of his authority may be brought against him only in the district where he personally resides). Therefore, section 1391(e), which was expressly "designed to permit an action which is essentially against the United States to be

---

**6.** See Hearings on H.R. 10089 Before a Subcomm. of the House Comm. on the Judiciary, 86th Cong., 2d Sess. 62 (1960), remarks of Donald B. MacGuineas, Chief, General Litigation Section, Civil Division, Dept. of Justice [hereinafter Hearings] where it was noted that

the application of section 1391(e) to a personal damage action against a federal official individually would discriminate against the official in favor of a private citizen who as a defendant would be able to demand that the suit be brought in the district of his residence.

brought locally rather than requiring that it be brought in the District of Columbia," [7] cannot apply to such an action.[8]

Moreover, the state of the law in 1962 convinces us that personal damage actions like the instant case were not within the contemplation of Congress when section 1391(e) was enacted. Suits based on constitutional torts are now brought in federal court because of recently implied constitutional remedies which provide a basis for federal question jurisdiction, see *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the recent replacement of the doctrine of absolute official immunity by the doctrine of qualified immunity, compare *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) with *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

In support of their position, appellees also argue that section 1391(e) applies to damage actions against federal officials individually since the statute includes the officer or employee "acting in his official capacity *or under color of legal authority.*" (Emphasis added). Again, we note that the House Report expressly discusses the addition of this language within the context of the same venue problem which is a recurrent theme throughout the legislative history, *i. e.*, the limitation of actions against federal officials to the District of Columbia. Such a limitation did not burden actions like the one here. Further, the House Report again repeats that the actions to which it refers are "also in essence against the United States." [9]

Appellees further argue that their interpretation of section 1391(e) is advanced by a 1976 amendment to the statute which added language allowing defendants who are not federal officials to be joined in an action with government officials reached by section 1391(e). Pub.L. 94–574, 90 Stat. 2721. Quoting the First Circuit in *Driver v. Helms, supra*, 577 F.2d at 154, appellees claim that "[i]t would make little sense to join someone who is not an officer if the suit were limited to an action in the nature of mandamus." However, a reading of the legislative history behind the 1976 amendment reveals that Congress did not at that time acknowledge that section 1391(e) applies to damage suits. Rather, it intended the new amendment to reach situations similar to those noted in the original legislative history,[10] *i. e.*, actions against federal

---

**7.** House Report, *supra*, at 2.

**8.** Although we need not decide here which, if any, damage actions are covered by section 1391(e), we nevertheless note that suits in the nature of mandamus which require an official to pay over monies which he is under a ministerial duty to pay are "in essence against the United States" and are therefore reached by section 1391(e). E. g., *Webster v. Fall*, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411 (1925). With respect to other possible damage actions in which the United States would be responsible for payment of any relief awarded, we merely note that in the major areas in which the United States has consented to be sued, venue is governed by other statutes. See generally C.A. Wright, Law of Federal Courts § 22 (3d ed. 1976). Under the Federal Tort Claims Act, venue is controlled by 28 U.S.C. § 1402(b), while cases covered by the Tucker Act must satisfy the venue provisions of 28 U.S.C. § 1402(a). See also Hearings, *supra* note 6, at 65 and 104.

**9.** The report states:
> By including the officer or employee, both in his official capacity and acting under color of legal authority, the committee intends to make the proposed section 1391(e) applicable not only to those cases where an action may be brought against an officer or employee in his official capacity. It intends to include also those cases where the action is nominally brought against the officer in his individual capacity even though he was acting within the apparent scope of his authority and not as a private citizen. *Such actions are also in essence against the United States* but are brought against the officer or employee as individual only to circumvent what remains of the doctrine of sovereign immunity. *The considerations of policy which demand that an action against an official may be brought locally rather than in the District of Columbia require similar venue provisions where the action is based upon the fiction that the officer is acting as an individual.*

House Report, *supra*, at 3–4 (emphasis added).

**10.** Both the House and Senate reports refer to "problems which are recurrent but peculiar to certain areas, such as water rights, grazing land permits, and mineral rights." House Report, *supra*, at 3; Senate Report, *supra*, at 2786.

officials in their official capacity for mandamus or injunctive relief. In a House Report entitled "Judicial Review—Administrative Agency Actions," it was stated that the new amendment was intended to remedy the following problems:

> In many public land controversies, for example, three parties are involved—the official, a successful applicant, and an unsuccessful one. Effective relief cannot be obtained in an action in which the United States or its officer is not involved; but if the Government is named as defendant, 1391(e) prevents the joinder of the other private person as a defendant, and that person cannot be joined as a plaintiff because his interest is adverse to that of the plaintiff. Another common type of situation in which the limitation is troublesome is that in which the specific relief is sought against Federal and state officers who are cooperating in a regulatory or enforcement program.

H. Rep. No. 1656, 94th Cong., 2d Sess. (1976), in 1976 U.S. Code Cong. & Admin. News, pp. 6121, 6140 n.58. Moreover, the cases cited by the House in its 1976 report are all actions against federal officials through mandamus or injunction.[11]

 In addition to damages, plaintiffs also seek to enjoin all the defendants in this case "from any further procurement of interception, use and disclosure and any further interception, use and disclosure of plaintiffs' wire communications," and ask for a declaration that the actions of defendants were illegal and unconstitutional. The complaint relates, however, that Goodwin is no longer chief of the special litigation section of the internal security division of the Justice Department, but is now with its criminal division in Washington, D.C. Goodwin does not have the official capacity necessary to enable him to comply with the injunctive relief sought. Moreover, in view of Goodwin's change in status, the claim for declaratory relief is now moot.[12]

For the reasons we have stated the order of the district court is reversed and the two complaints are dismissed as to the appellant Goodwin. We believe that this result is compelled by the legislative history and purpose of section 1391(e) and its companion section 1361. Moreover, we see no reason why government officials against whom relief is sought only in their personal capacities should be treated less favorably than other private citizens. The argument that removal procedures are available to relieve the expense and inconvenience of litigation in distant fora is not persuasive. Certainly the rewards of government service are not so overwhelming that those who have served should now be forced at their own expense to undertake burdens not imposed

---

11. *Green v. Laird,* 357 F.Supp. 277 (N.D.Ill. 1973) (action for declaratory, injunctive, and monetary relief, but damage action was dismissed since the mechanics of service were improper); *People of Saipan v. Dept. of the Interior,* 356 F.Supp. 645 (D.Hawaii 1973), aff'd as modified, 502 F.2d 90 (9th Cir. 1974), cert. denied, 420 U.S. 1003, 95 S.Ct. 1445, 43 L.Ed.2d 761 (1975) (action to enjoin implementation of lease agreement); *Macias v. Finch,* 324 F.Supp. 1252 (N.D.Cal.1970) (action challenging federal regulation); *Town of East Haven v. Eastern Airlines, Inc.,* 282 F.Supp. 507 (D.Conn.1968) (action for mandamus compelling administrator of Federal Aviation Agency to abate certain activities carried on by defendant airlines); *Chase Savings and Loan Assoc. v. Federal Home Loan Bank Board,* 269 F.Supp. 965 (E.D. Pa.1967) (action for a preliminary injunction to prevent defendant Board from giving effect to its order).

12. Since we find that section 1391(e) is not applicable to the actions commenced here

against the appellant Goodwin, we need not reach his argument that the statute provides merely venue and does not confer personal jurisdiction. However, we agree with the two circuits which have addressed the issue and held that, in authorizing service of process by certified mail beyond the boundaries of the forum state, Congress intended to provide a source of nationwide *in personam* jurisdiction in suits where venue is established under section 1391(e). *Driver v. Helms, supra,* 577 F.2d at 154–56; *Briggs v. Goodwin, supra,* 569 F.2d at 7–8. Judge Friendly has already noted in *Liberation News Service v. Eastland, supra,* 426 F.2d at 1382 that if section 1391(e) had applied in that case, "it would indeed supply both venue . . . and jurisdiction over the persons of the [defendants]." We see moreover no constitutional infirmity in such a result. See *Mariash v. Morrill,* 496 F.2d 1138 (2d Cir. 1974).

on the citizenry in general. Had the statute been intended to reach this far it should have been clearly indicated. It isn't.