608 F.2d 926
 GROVE PRESS, INC., et al., Plaintiffs-Appellees,
v.
CENTRAL INTELLIGENCE AGENCY et al., Defendants,
and
James J. Angleton, William E. Colby, Thomas Karamessines,
Newton S. Miler, Richard Ober, William F. Raborn,
Jr., Raymond Rocca, and James R.
Schlesinger, Defendants-Appellants.
 No. 698, Docket 78-6186.
 United States Court of Appeals,
Second Circuit.
 Argued March 8, 1979.
Decided Sept. 10, 1979.
 
 Leon Friedman, Hempstead, N. Y., Frankfurt, Garbus, Klein & Selz, New York City, (of counsel), for plaintiffs-appellees.
 Philip L. Chabot, Jr., Washington, D. C. (Duncan, Brown, Weinberg & Palmer, P. C., Wallace L. Duncan and Jon T. Brown, Washington, D. C., Michael I. Saltzman, New York City, of counsel), for defendants-appellants Angleton and Rocca.
 Jack Kaplan, New York City (Carter, Ledyard & Milburn, Kenneth P. Clark and Jonathan D. Britt, New York City, of counsel), for defendants-appellants Raborn and Karamessines.
 Peter M. Brown, New York City (Cadwalader, Wickersham & Taft, Earl H. Nemser and Robert L. Sills, New York City, of counsel), for defendants-appellants Colby and Schlesinger.
 Cole & Groner, P. C., Washington, D. C. (Walter H. Fleischer and Alfred F. Belcuore, Washington, D. C., of counsel), for defendants-appellants Miler and Ober.
 Before SMITH, MANSFIELD and MULLIGAN, Circuit Judges.
 MULLIGAN, Circuit Judge:
 
 
 1
 Plaintiffs Grove Press, Inc. (Grove Press), a New York publishing company, its president and principal stockholder, and one of its editors brought this action in the United States District Court for the Southern District of New York against the CIA and twelve individual defendants.[1] Four of these defendants were never served with process and are not appellants in this proceeding.[2] The eight remaining defendants, appellants here, are all former officials of the CIA. At the time this action was commenced, they were neither residents of New York, nor were they then working for the CIA. Defendants James J. Angleton, William E. Colby, Thomas Karamessines,[3] Newton S. Miler, William F. Raborn, Jr., and Raymond Rocca, are no longer employed by the Government in any capacity. Defendant Richard Ober was a member of the CIA's Counterintelligence Staff from 1969 to 1974 when he was detailed to the National Security Council. Thereafter he has been without authority to control or direct any CIA office or operation. Defendant James R. Schlesinger, Director of Central Intelligence for five months in 1973, was not employed by the Government in any capacity at the time the complaint in this action was filed. However, he has since been appointed by President Carter to the positions of Special Assistant for Energy (January 20, 1977) and Secretary of Energy (August 5, 1977), the last of which he still holds.[4]
 
 
 2
 The complaint alleges that from 1955 to 1976 the eight appellants conspired to, participated in, authorized or failed to supervise certain activities in violation of several statutes and the First, Fourth, Fifth and Ninth Amendments to the Constitution. The named acts included the opening of a counterintelligence file on Grove Press, infiltration of the company's activities, physical surveillance of its officers and employees, opening of Grove Press' mail, wiretapping, and the supplying of covert financial assistance to Grove Press' competitors. The count against the CIA charged the withholding of records relating to Grove Press in violation of the Freedom of Information Act, 5 U.S.C. § 552. The compliant seeks injunctive and declaratory relief, a writ of mandamus against the CIA and money damages from the individual defendants.
 
 
 3
 The eight appellants moved below pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss on the ground that neither the New York State "long-arm" statute, N.Y.C.P.L.R. § 302 (McKinney 1972 & 1978 Supp.), nor 28 U.S.C. § 1391(e) provided a basis for personal jurisdiction. The district court, Hon. Vincent L. Broderick, judge, denied the motion, sustaining jurisdiction under 28 U.S.C. § 1391(e). The court did not address the issue of personal jurisdiction under the long-arm statute. This interlocutory appeal was certified as provided in 28 U.S.C. § 1292(b).
 
 
 4
 The issues involved here have been decided by our opinion in Blackburn v. Goodwin, 608 F.2d 919 (2d Cir. 1979). In view of this determination, we need not address the issue whether section 1391(e) establishes personal jurisdiction over former federal officials or those officials who no longer work for the same agency as they did at the time the allegedly illegal acts were performed.
 
 
 5
 For these reasons, the order of the district court is reversed and the matter remanded to that court to determine whether personal jurisdiction over the defendants was had under N.Y.C.P.L.R. § 302 (McKinney 1972 & Supp. 1978-1979)."
 
 
 
 [1]
 This appeal was argued on March 8, 1979. However, the panel determined to defer its decision until the Supreme Court decided Stafford v. Briggs, 441 U.S. 940, 99 S.Ct. 2157, 60 L.Ed.2d 1042, and Colby v. Driver, 441 U.S. 940, 99 S.Ct. 2157, 60 L.Ed.2d 1042, two cases on appeal from the First and D.C. Circuits respectively, which involved essentially the same issues raised on this appeal. On May 4, 1979 the Supreme Court restored both Stafford and Colby to the calendar for reargument during the October 1979 term. The panel thereupon reconsidered and decided to write
 
 
 [2]
 They are Richard Helms, William J. Hood, John McCone, and George Rush
 
 
 [3]
 Karamessines died on September 4, 1978 and a Suggestion of Death of a Party noting this was filed by counsel on September 10, 1978
 
 
 [4]
 On July 20, 1979, Mr. Schlesinger's tender of resignation was accepted by President Carter. In his letter of resignation, Mr. Schlesinger stated that he hoped his resignation would be effective by October 1, 1979. N.Y. Times, July 21, 1979 at 8