Saul G. SCHENKER, Plaintiff,

v.

UNITED STATES PAROLE COMMIS-
SION and Harry Dwyer, Robert Alex,
Paula A. Tennant, George J. Reed, and
Dorothy Parker, members thereof, De-
fendants.

Civ. A. No. 79–K–985.

United States District Court,
D. Colorado.

March 5, 1980.

Robert E. Johnson, Denver, Colo., for
plaintiff.

C. Scott Crabtree, Asst. U. S. Atty., Den-
ver, Colo., for defendants.

## ORDER

KANE, District Judge.

The above-entitled action seeks to recover
monetary damages for alleged violation of
plaintiff's constitutional rights under the
Fifth and Eighth Amendments. Defend-
ants are the United States Parole Commis-
sion and named individual members of that
commission.

It is unclear to what extent plaintiff
seeks to recover monetary damages from
the parole commission as an entity, but
plaintiff has not cited any authority which
provides an exception to the protection
which sovereign immunity affords the Unit-
ed States and its agencies from suits in
which "the judgment sought would expend
itself on the public treasury . . .,"
*Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct.
1009, 1012, 91 L.Ed. 1209 (1947). *See also
Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999,
10 L.Ed.2d 15 (1963); *Larson v. Domestic
and Foreign Commerce Corp.*, 337 U.S. 682,
69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

Plaintiff also seeks to recover
damages from named individual members
of the commission. Plaintiff bases subject
matter jurisdiction on 28 U.S.C. § 1331.
Defendants allege that this court does not
have personal jurisdiction over them and
that venue is not proper. Plaintiff appar-
ently relies most heavily on Section 2 of the

Mandamus and Venue Act of 1962, 28 U.S.C. § 1391(e). A recent decision of the United States Supreme Court, *Stafford v. Briggs*, —— U.S. ——, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980), makes it clear that that reliance is now misplaced, since the court has concluded that § 1391(e) does not apply to actions for monetary damages brought against federal officials in their individual capacities.[1]

Plaintiff has mentioned F.R.Civ.P. Rule 4(d), subsections (4) and (7), as providing for service of process and the acquisition of jurisdiction over the named individual defendants.[2] Rule 4(d)(4) does not apply, since these defendants are being sued in their individual capacities. In such cases, service must be according to Rule 4(d)(1). The provisions in Rule 4(d)(7) also do not apply, since no federal statute other than the Mandamus and Venue Act has been cited as providing an alternative manner of service of process. In addition, out-of-state service under the Colorado Rules of Civil Procedure, which is the applicable law of the forum state, allows service by mail or publication only in regard to *in rem* proceedings; otherwise, service must be by personal delivery. *See* C.R.Civ.P. Rule 4(f).

The question of proper venue is controlled by 28 U.S.C. § 1391(b). None of the named individual defendants reside in this district, and there is no indication that this is where the claim arose. Accordingly,

IT IS ORDERED that the claims for monetary damages against the United States Parole Commission be and hereby are dismissed, as barred by the doctrine of sovereign immunity.

IT IS FURTHER ORDERED that the claims for monetary damages against the named individual members of the United States Parole Commission be and hereby are dismissed, on the grounds of absence of jurisdiction over their persons, insufficient service of process, and improper venue. This civil action is dismissed with each party to bear his, her or its own costs.

---

1. While Chief Justice Burger, writing for the majority, framed the question at page one of the slip opinion as one of venue, the opinion, as well as § 1391(e) itself, is clear that service of process and personal jurisdiction are also affected.

2. While it is clear that personal jurisdiction and service of process are two different things, " '[S]ervice of process is the vehicle by which the court may obtain jurisdiction.' " *Driver v. Helms*, 577 F.2d 147, 155 (1st Cir. 1978), *rev'd Stafford v. Briggs*, —— U.S. ——, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980).