Frank P. **ROHDE**, Plaintiff,

v.

**CENTRAL RAILROAD OF INDIANA**, a foreign corp., and CP Rail System–HHUS, a Division of Canadian Pacific Limited, Defendants.

**No. 95 C 6307.**

United States District Court, N.D. Illinois, Eastern Division.

July 3, 1996.

---

John S. Bishof, Jr., Chicago, IL, for Frank P. Rohde.

Thomas F. McFarland, Jr., Stephen C. Herman, Belnap, Spencer, McFarland & Herman, Chicago, IL, for Central Railroad of Indiana.

Thomas L. Hogan, Soo Line Railroad Company, Chicago, IL, Lisa L. Lantero, Patrick G. Gattari, Canadian Pacific Legal Services, Chicago, IL, for CP Rail System–HHUS.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On October 31, 1995, plaintiff, Frank P. Rohde, filed his complaint against defendants Central Railroad of Indiana ("CRI") and CP Rail System–HHUS. In his complaint, Mr. Rohde sets forth the following allegations. CRI employed Mr. Rohde as a conductor-switchman. On November 6, 1992, Mr. Rohde was riding in the brakeman's seat of a CRI locomotive in Greendale, Indiana. The locomotive struck a cattle trailer attempting to cross the tracks. Mr. Rohde was thrown from his seat and into the control panel and, as a result, suffered injuries. Mr. Rohde seeks to hold CRI liable for having negligently caused these injuries. The parties agree that CRI is not an Illinois resident. CRI has filed a motion to dismiss in which it argues that this court lacks personal jurisdiction over it. CRI's motion is granted.

### Whether this Court Has Personal Jurisdiction over CRI

As the party seeking to show jurisdiction, Mr. Rohde bears "the burden of establishing a prima facie case for personal jurisdiction." *See Michael J. Neuman & Associates, Limited v. Florabelle Flowers, Incorporated,* 15 F.3d 721, 724 (7th Cir.1994). A federal district court in Illinois can assert jurisdiction over a nonresident defendant only if Illinois courts would have personal jurisdiction. *Id.* at 724. The parameters of jurisdiction under the Illinois long-arm statute are contiguous with the requirements of due process under the United States and Illinois Constitutions. *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 873 (N.D.Ill.1994). If the defendant's contacts with Illinois satisfy the requirements of due process, then those contacts also fulfill the requirements of the Illinois long-arm statute.

Under the United States Constitution, I may exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). A nonresident defendant can establish such minimum contacts only via its purposeful acts. *Wilson v. Humphreys (Cayman) Ltd.,* 916 F.2d 1239, 1243 (7th Cir.1990), *cert. denied sub nom Humphreys (Cayman) Ltd. v. Wilson,* 499 U.S. 947, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). The parties agree that Mr. Rohde's cause of action against CRI does not arise out of or relate to CRI's activities in Illinois. Because, therefore, it is CRI's overall activity in Illinois that could serve as the basis for jurisdiction, the assertion of jurisdiction would be termed "general." *Id.* at 1244. Exercising general jurisdiction over a nonresident defendant is proper when the defendant has maintained "continuous and systematic general business contacts" in Illinois. *Id.* at 1245 (citation omitted). This standard "is a fairly high [one] in practice." *Id.* (citation omitted).

CRI, an Indiana corporation with its principal place of business in Kokomo, Indiana, is a common carrier by railroad that operates a line of railroad running from Shelbyville, Indiana to Cincinatti, Ohio. CRI is not registered to do business in Illinois and has no office or employees in Illinois. CRI does not conduct any business in Illinois, have rail lines in Illinois, interchange freight in Illinois, or solicit business in Illinois, by telephone or otherwise. Weller Aff. at ¶¶ 3–8. (Henry E. Weller was Chief Operating Officer of CRI.)

Mr. Rohde argues, however, that I may assert general jurisdiction over CRI on the ground that CRI has received revenue from line hauls on freight traffic that were delivered to a shipper in Illinois. In particular, he argues that CRI admits receiving $50,000 in revenue from one Illinois shipper in 1995. The fact that CRI ships goods that either originate or eventually arrive in Illinois does not provide a sufficient basis for a finding of personal jurisdiction over CRI. "[U]nilateral activity of another party or a third person is not an appropriate consider-

ation when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). Because CRI does not operate any railroad lines in Illinois, it was at most a connecting carrier in Indiana. That some common carrier other than CRI ships the same goods through Illinois that CRI transports does not show that CRI maintains continuous and systematic general business contacts with Illinois.[1]

■ Mr. Rohde also argues that the fact that other railroads in Illinois repaired CRI leased cars and that CRI was billed for these repairs can serve as grounds for asserting jurisdiction over CRI. When CRI's leased cars leave its lines, CRI has no control over them. Johnson Reply Aff. at ¶ 12. Moreover, as already noted, under the AAR's interchange rules, "when one railroad tenders a car to another railroad, the second railroad must accept it and take it to the next interchange point or to the destination . . . ." Johnson Reply Aff. at ¶ 3. The AAR further requires that railroads "coming into possession of cars needing repairs . . . make the repairs and bill the owning railroad." *Id.* at ¶ 4. Furthermore,

> Due to the vast size and complexity of the national railroad system, normally, the owner of the car does not even know the car is being repaired (subject to the need for notice and authorization on very substantial repairs, which is rare in the case of running repairs) and only finds out when the bill for the repair service is received. Subject to [a] monetary limitation . . ., the owning railroad does not have any say in the matter of whether the car is repaired, because the repair is automatically triggered by maintenance standards set forth in AAR-sponsored operating manuals.

*Id.* at ¶ 6. Thus repairs to CRI leased cars undertaken by Illinois railroads are merely unilateral acts of third parties that cannot serve as grounds for exercising jurisdiction over CRI. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 417, 104 S.Ct. at 1873.

■ Mr. Rohde further contends that I have personal jurisdiction over CRI because CRI has an "ongoing arrangement with an Illinois resident for consulting work," "paid an Illinois entity for certification of its engineers in the year 1995," "paid an Illinois law firm consulting fees for assistance in negotiations involving realty located in Indiana in the year 1995," and has three insurance policies either brokered by, underwritten by, or issued by companies located in Illinois. The mere existence of the arrangements that plaintiff lists is not sufficient to establish jurisdiction over CRI. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985).

■ To determine whether CRI's contractual arrangements assist Mr. Rohde in showing that CRI has maintained continuous and systematic general business contacts in Illinois, I am to consider which party solicited the contract, where the party solicited the contract, where the parties negotiated the contract, and where the parties were to perform the contract. *Unis International Corporation v. M.L. Marketing Company*, No. 93 C 329, 1993 WL 116744, *4 (N.D.Ill. April 14, 1993). The evidence does not show that CRI solicited the arrangements he mentions, or that it did so in Illinois, or that CRI negotiated these arrangements or signed any contracts in Illinois.[2] Moreover, there is uncontradicted evidence that all of the consulting and certification services were performed in Indiana and that the property and assets insured generally remain in Indiana. Morgan Dep. at 75, 77–79; Johnson Reply Aff. at ¶ 15. Consequently, the contractual arrange-

---

**1.** This conclusion is especially reasonable because CRI is subject to rules that require railroads to accept and pass on to the next interchange point, or to the destination, cars tendered by an adjacent railroad. Johnson Reply Aff. at ¶ 3.

Additionally, plaintiff does not seem to argue that the fact that CRI may receive revenue in connection with goods either originating in or delivered to Illinois in itself can serve as basis for exercising jurisdiction over CRI.

**2.** Thus it is uncontradicted that "CRI never traveled to Chicago to negotiate the . . . insurance contracts, but instead made all arrangements for such insurance over the phone. Those insurance contracts were sent to CRI in Indiana and CRI signed them there and returned them via mail to the brokers." Johnson Reply Aff. at ¶ 15.

**1273**

ments that Mr. Rohde sets forth cannot be grounds for asserting jurisdiction over CRI.

 Mr. Rohde argues that I can assert personal jurisdiction over CRI because it leases its railroad cars from two Illinois companies, SIRC and General Electric Railcar Services Corporation ("GE"). The two leases, however, do not represent significant contacts with Illinois. CRI did not travel to Illinois in connection with either lease. Johnson Reply Aff. at ¶ 9. CRI initiated contact with SIRC. *Id.* at ¶ 7. In the case of the GE lease, CRI approached Chrysler Railcar Leasing Company which sold its interest to GE. GE then contacted CRI. *Id.* CRI arranged the leases by phone and received the leases by mail. *Id.* at ¶ 9. CRI signed the leases in Indiana and returned them to SIRC and GE via the mail. *Id.* Both SIRC and GE delivered the cars to CRI in Indiana. *Id.* at ¶ 10. Finally, CRI operates the leased cars primarily on its own lines in Indiana and Ohio. Johnson Reply Aff. at ¶ 11; Morgan Reply Aff. at ¶ 5.[3]

 Mr. Rohde also contends that choice of law provisions contained in the GE and SIRC leases, which specify Illinois law in cases arising under them, may serve as a basis for exercising personal jurisdiction over CRI. CRI counters by citing to Mr. Johnson's declaration in his affidavit, ¶ 8, that: "In the case of both car leases, the terms of the leases were drafted by the car lessors, the lease terms offered to CRI were standard provisions on preprinted contracts and the choice of law provisions were non-negotiable." "[A choice of law] provision standing alone would be insufficient to confer jurisdiction." *Burger King,* 471 U.S. at 482, 105 S.Ct. at 2187. Thus the choice of law provisions cannot overcome the paucity of contacts between CRI and Illinois, especially when

CRI had to accept those provisions of the contract.[4]

### *Conclusion*

Thus Mr. Rohde has not demonstrated that CRI has maintained continuous and systematic general business contacts in Illinois. Mr. Rohde has, therefore, failed to carry his burden of establishing a prima facie case for personal jurisdiction over CRI. Accordingly, CRI's motion to dismiss is granted.

---

3. Mr. Johnson declares in his affidavit, ¶ 11, that "[t]he SIRC leased cars remain almost exclusively on CRI's lines ... The GE cars are used to serve CRI's customers on its line and the customers load them and decide where they are going to go. In 1995, none of the GE cars transported freight to or from Illinois." Mr. Morgan further declares in his affidavit, ¶ 5, that in 1995, CRI transported 1267 shipments in leased cars. Of that total, only 192 shipments moved off CRI's lines. None of these shipments moved to Illinois.

4. Mr. Rohde argues that the requirements in the leases for CRI to indemnify, defend, and hold harmless the lessors in actions filed by third parties permits this court to assert personal jurisdiction over CRI. Mr. Rohde does not contend that any third party has filed a lawsuit requiring CRI to fulfill these duties. He also does not explain, and I cannot discern, how the mere fact that CRI has taken on these obligations connects it to Illinois. Neither does the fact that CRI's insurance policies list SIRC and GE as insureds give rise to personal jurisdiction over CRI.