Nathan J. LINDBERG, Plaintiff

v.

**NEW ENGLAND CENTRAL RAILROAD, et al, Defendants.**

**C.A. No. 06–30090–MAP.**

United States District Court, D. Massachusetts.

Sept. 24, 2007.

Gary M. Weiner, Weiner & Peskin PC, Springfield, MA, Kara S. Rescia, Weiner Law Firm, PC, Springfield, MA, Michael J. Olley, Mitchell A. Kaye, Robert E. Myers, Lawrence A. Katz, Coffey Kaye Myers & Olley, Bala Cynwyd, PA, for Plaintiff.

Michael B. Flynn, Lori A. Wirkus, Stephanie A. Buscaglia, Flynn & Associates, PC, Quincy, MA, David T. Mitrou, The McCormack Firm, LLC, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER RE-GARDING DEFENDANT CNR'S MOTION TO DISMISS FOR LACK OF JURISDICTION (Dkt. No. 26)*

MICHAEL A. PONSOR, District Judge.

On September 2, 2004, in Brattleboro, Vermont, Plaintiff Nathan J. Lindberg, a Vermont resident, was injured by a defective pinlifter as he attempted to couple two boxcars. This action against New England Central Railroad ("NECR") and Canadian National Railway Company ("CNR") followed.

Co-defendant CNR filed a Motion to Dismiss for lack of either specific or general personal jurisdiction. This motion was opposed, both by Plaintiff and by Co-defendant NECR, and all parties appeared through counsel for oral argument on September 14, 2007.

Following oral argument, the court allowed the Motion to Dismiss. The transcript of the court's remarks following argument sets forth the court's reasons for its decision in detail; they may be summarized as follows.

■ First, no specific jurisdiction will lie here. The cause of action arose in the State of Vermont and bore no connection to any contacts by CNR with the Commonwealth of Massachusetts. Moreover, CNR's contacts with the Commonwealth of Massachusetts, such as they are, do not constitute "purposeful availment of the benefits and protections afforded by the [Commonwealth's] laws . . . ." *Phillips Exeter Acad. v. Howard Phillips Fund,* 196 F.3d 284, 288 (1st Cir.1999). The nonexistent (or, at most, slight) showing of "relatedness and purposefulness" is not offset by any strong showing that exercise of jurisdiction in Massachusetts over this case would be reasonable. *Nowak v. Tak*

*How Invs., Ltd.,* 94 F.3d 708, 717 (1st Cir.1996).

■ Plaintiff's arguments for general jurisdiction are stronger, but they are still not sufficient to overcome the Motion to Dismiss. As the First Circuit has noted, "[t]he standard for general jurisdiction is considerably more stringent" than the minimum contacts requirement for specific jurisdiction. *Glater v. Eli Lilly & Co.,* 744 F.2d 213, 216 (1st Cir.1984). The available facts supporting general jurisdiction must rise to the level of "continuous and systematic activity." *United Elec., Radio & Mach. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992).

For purposes of the motion to dismiss, the court accepted Plaintiff's representation (supported by Codefendant NECR) that CNR's boxcars move regularly through Massachusetts, using the tracks supplied by NECR. The court also accepted that NECR and CNR have a marketing agreement to work together supporting each other's commercial efforts. Other district courts have found facts of this sort insufficient to support general jurisdiction. *See Community–Suffolk, Inc. v. Denver & Rio Grande W.R.R. Co.,* 475 F.Supp. 443, 444 (D.Mass.1979)(dismissing suit against Colorado railroad that had paid shipment on first leg of journey to Massachusetts where "defendant does not now and never has done business in Massachusetts although on occasion its boxcars may travel through the Commonwealth and the lines of other railroads [and it] occasionally sends salesmen into the Commonwealth to visit patrons for the purpose of soliciting business"); *Swindell v. Fla. E. Coast Ry. Co.,* 42 F.Supp.2d 320, 324 (S.D.N.Y.1999), *aff'd,* 201 F.3d 432 (2d Cir.1999)("We cannot find personal jurisdiction over defendant merely because some of its railroad cars, which have been 'interlined' to other railroads, may pass through New York in

trains operated by other railroads....");
*Wilcox v. Penn. R.R. Co.*, 269 F.Supp. 326, 328 (S.D.N.Y.1967) (similar); *Rohde v. Central R.R.*, 930 F.Supp. 1269, 1272 & n. 1 (N.D.Ill.1996) (similar).

The so-called "gestalt" or "reasonableness" considerations also support allowance of CNR's Motion to Dismiss here. There is a particular burden on Defendant CNR, a non-American corporation, in appearing. The forum state (Massachusetts) has little interest in adjudicating this dispute regarding a Vermont resident involved in an accident in Vermont. Plaintiff's interest in obtaining convenient and effective relief may reasonably be pursued in Vermont, and the controversy involves no substantive social policies of interest to the Commonwealth of Massachusetts. *See United Elec.*, 960 F.2d at 1088.

For all these reasons, and other reasons stated in open court, Defendant CNR's Motion to Dismiss (Dkt. No. 26) is hereby ALLOWED. The case may now proceed in accordance with the previously-issued scheduling order solely between Plaintiff and Defendant NECR.

It is So Ordered.