**John T. GILBERT, Plaintiff-Appellant.**

v.

**Ralph DaGROSSA, Revenue Officer, Peter Wolf, Revenue Officer, and Cornelius J. Coleman, District Director of Internal Revenue Service, New Jersey District, Defendants-Appellees.**

No. 84–3843.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 1985.

Decided April 5, 1985.

---

Robert E. Kovacevich, Spokane, Wash., for plaintiff-appellant.

Michael L. Paup, Murray S. Horwitz, Washington, D.C., for defendants-appellees.

Before FARRIS, ALARCON, and FERGUSON, Circuit Judges.

ALARCON, Circuit Judge:

John T. Gilbert (hereinafter Gilbert) appeals from an order of the United States District Court granting appellees Ralph DaGrossa, Peter Wolf, and Cornelius T. Coleman's joint motion to dismiss his complaint.[1] Gilbert contends that the trial court erred in dismissing the complaint for lack of jurisdiction.

## I

Gilbert currently resides in the state of Washington. After audits of Gilbert's 1975 and 1977 income tax returns, the Internal Revenue Service (hereinafter the IRS) mailed Gilbert two deficiency notices stating that he owed additional taxes for the years 1975 and 1977. As a result of Gilbert's failure to respond to these notices, appellees, who lived and worked in the New York—New Jersey area, subsequently levied Gilbert's wages in New York and New Jersey, and filed notices of tax liens in New Jersey. In addition, appellees applied tax refunds due Gilbert from other years as an offset against the deficiency.

As a result of the levies and offsets, the IRS collected more money than the amount of the deficiency owed by Gilbert. The IRS accordingly refunded the excess to Gilbert.

Although he received the refund, Gilbert nevertheless filed suit in the Western District of Washington seeking damages from the appellees as both individuals and employees of the federal government. The complaint alleged civil and constitutional

---

1. Appellees DaGrossa, Wolf, and Coleman will be hereinafter referred to as "appellees."

law violations purportedly committed by the appellees in the course of the collection of the tax deficiency payments. Appellees immediately moved to dismiss the complaint on the grounds of sovereign immunity, lack of personal jurisdiction, and insufficiency of service of process.[2] The district court held that the suit was barred by sovereign immunity to the extent it was against the United States. It also held that it lacked *in personam* jurisdiction over the appellees to the extent the suit was brought against them in their individual capacities. The district court therefore granted the appellees' motion to dismiss. Gilbert thereafter filed this timely appeal.

Gilbert contends that the trial court erred in dismissing his complaint. He argues that the court did not lack jurisdiction because a suit against the appellees in their official capacity is not a suit against the United States and is therefore not barred by the doctrine of sovereign immunity. He contends further that the court had personal jurisdiction over the appellees as individuals because 28 U.S.C. § 1391(e) provides nationwide *in personam* jurisdiction for courts hearing suits against federal employees who are sued in their individual capacities. We disagree with his contentions and affirm.

## II

### A. *Official Capacity*

Gilbert's contention that his suit is not barred by the doctrine of sovereign immunity is wholly lacking in merit. It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982); *Beller v. Middendorf*, 632 F.2d 788, 796 (9th Cir.1980), *cert. de-*

*nied*, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981). Such waiver cannot be implied, but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Where a suit has not been consented to by the United States, dismissal of the action is required. *Hutchison, supra.* "It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983).

Naming the three appellees as defendants does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949); *Hutchinson, supra.* Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States. *Id.* As such, absent express statutory consent to sue, dismissal is required. *Id. See also United States v. Shaw*, 309 U.S. at 500–01, 60 S.Ct. at 661; *Radin v. United States*, 699 F.2d 681, 684 (4th Cir.1983).

There is no statutory waiver of sovereign immunity in the instant case. Gilbert's attempted reliance on 28 U.S.C. § 1331 is misplaced. 28 U.S.C. § 1331 merely provides that the district court shall have original jurisdiction in all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331 (1985). It cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity. *See Beller, supra*, at 795–97; *Radin,*

---

**2.** At the time the motion to dismiss was filed, only appellee Coleman had been served. Although Gilbert was granted an extension of time in which to serve the summonses and copies of the complaint on appellees DaGrossa and Wolf, he failed to act pursuant to the Federal Rules of Civil Procedure within the time allowed. Accordingly, the district court held that the action had abated as to appellees Wolf and DaGrossa. Gilbert does not appeal this ruling.

*supra*, at 685.[3] Thus, to the extent the appellees were sued in their official capacity, the district court properly concluded that the claims were barred by the doctrine of sovereign immunity. *See Hutchinson, supra.*

### B. *Individual Capacity*

 Gilbert is correct in his assertion that this and other courts have recognized that sovereign immunity does not bar damage actions against federal officials in their individual capacity for violation of an individual's constitutional rights. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Larson, supra*, 337 U.S. at 689, 69 S.Ct. at 1461; *Hutchinson, supra.* It is equally clear, however, that in order to bring a damage action against a federal official in his individual capacity, and thereby avoid the bar of sovereign immunity, the normal rules for establishing *in personam* jurisdiction apply. *Hutchinson, supra*, at 1327–28.

 The district court found that it lacked personal jurisdiction over the appellees. We agree. The complaint states unequivocally that the appellees worked in New York and New Jersey, and that the alleged tortious acts occurred in New York or New Jersey. There is neither an allegation nor evidence that the appellees ever transacted any business, or committed any tortious act or acts, within the state of Washington.[4] The record clearly supports the court's conclusion that Gilbert failed to allege sufficient minimum contacts with the state of Washington sufficient to satisfy the traditional notions of fair play and substantial justice required by *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) and the Washington long-arm statute.[5]

Gilbert does not contest the district court's factual findings. He argues instead that personal jurisdiction was ob-

---

**3.** Although neither party mentions it, we note that reliance on 5 U.S.C. § 702 would also be misplaced. Although the statute waives sovereign immunity by stating that an action brought by a person suffering legal wrong because of agency action shall not be dismissed on the ground that it is against the United States or that the United States is an indispensible party, it expressly limits such waiver to *actions seeking relief other than money damages. See* 5 U.S.C. § 702 (1982).

**4.** We recognize that the "effects" doctrine may also serve as a basis for a finding of *in personam* jurisdiction. *See Calder v. Jones*, — U.S. ——, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984); *Keeton v. Hustler Magazine, Inc.*, — U.S. ——, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). The "effects" doctrine, however, is not applicable under these facts. There is no evidence that the activities complained of had any effect in the state of Washington. Further, counsel for Gilbert conceded at oral argument that Gilbert did not live in Washington at the time the liens and levies were effected.

**5.** The Washington long-arm statute provides, in relevant part:

Personal service out of state—Acts submitting person to jurisdiction of courts—Saving.

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
(a) The transaction of any business within this state;
(b) The commission of a tortious act within this state;
(c) The ownership, use or possession of any property whether real or personal situated in this state;
(d) Contracting to insure any person, property or risk located within this state at the time of contracting.
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.
(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
Wash.Rev.C. § 4.28.185 (1981).

tained over the appellees in their individual capacity through 28 U.S.C. § 1391(e), which permits service upon federal defendants by certified mail beyond the territorial limits of the district in which the suit was initiated. He is clearly mistaken.

Section 1391(e) is a venue statute. It is designed to permit an action which is essentially against the United States to be brought locally rather than in the District of Columbia as would normally be required if Washington, D.C., is the official residence of the agency sued. *Stafford v. Briggs*, 444 U.S. 527, 539–40, 100 S.Ct. 774, 782, 63 L.Ed.2d 1 (1980). *See also Blackburn v. Goodwin*, 608 F.2d 919, 924 (2d Cir.1979). It does not provide a district court with venue and nationwide *in personam* jurisdiction in a personal damage action against a United States official in his individual capacity for allegedly illegal and unconstitutional acts committed during the course of his employment. *Id.* at 921. Section 1391(e) only applies to actions in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority. *Stafford, supra.* It does not apply to actions for money damages brought against federal officials in their individual capacities. *Id.* See also *Blackburn, supra*, at 922–23.

Gilbert attempts to circumvent the plain purpose and language of the statute by arguing that this suit is an action against the appellees in their official capacity, and not in their individual capacity, for purposes of *applying* section 1391(e) because any judgment awarded would have to be paid by the United States pursuant to 26 U.S.C. § 7423. This argument lacks merit. Despite the liberal venue and service of process provisions of section 1391(e), a suit against federal officers or employees in their official capacity is barred by sovereign immunity absent express statutory consent to sue. *See Hutchinson, supra.* As discussed above, Congress has not given its consent under these circumstances.[6]

Additionally, Gilbert's interpretation of section 7423 is incorrect. The United States is not "required" to pay damage judgments against federal employees. Section 7423 merely authorizes the government to reimburse federal employees for damages recovered against them as a result of anything done by them in the due performance of their official duties. 26 U.S.C. § 7423 (1981).

Further, the government's decision to pay the damage awarded would not be controlling. Because section 7423 is permissive, any decision made thereunder to pay a money judgment would be discretionary. "[T]he discretionary action of officials may, or may not, give the United States a practical interest in the amount of the judgment ... but the claim would arise from the subsequent official act, not from the judgment itself." *Sage v. United States*, 250 U.S. 33, 37, 39 S.Ct. 415, 416, 63 L.Ed. 828 (1919).

## CONCLUSION

A suit against IRS employees in their official capacity is essentially a suit against the United States, which must be dismissed absent express statutory consent to bring such suit. There was no such consent in the instant case. Therefore, to the extent

---

**6.** We note that a statutory waiver of sovereign immunity would not in itself create any substantive right to money damages. *Cf. United States v. Mitchell, supra*, 463 U.S. at 210 and 212–13, 103 S.Ct. at —— and —— —— (Discussing the Tucker Act, 28 U.S.C. § 1491). A claim for damages against a federal agency is barred by sovereign immunity unless Congress has consented to suit. *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952). *See also Midwest Growers Co-op Corp. v. Kirkemo*, 533 F.2d 455, 465 (9th Cir.1976) ("It is well established that suits ... like damage suits, cannot be maintained unless the Government first consents."). A claimant must demonstrate that the source of the substantive law he relies upon [for consent to sue] can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained. *Mitchell, supra*, 463 U.S. at 213, 103 S.Ct. at ——. The Supreme Court has interpreted section 1391(e) as being limited to "mandamus-type" actions. *Stafford, supra*, 444 U.S. at 535–41 and 543, 100 S.Ct. at 780–83 and 784.

that the appellees were sued in their official capacity, Gilbert's action was barred by the doctrine of sovereign immunity. Gilbert also failed to establish sufficient grounds for asserting personal jurisdiction over the appellees in their individual capacity. The complaint failed to allege sufficient minimum contacts with the state of Washington, as required by *International Shoe, supra,* and the Washington long-arm statute, to provide personal jurisdiction over the appellees. Further section 1391(e) is a venue statute which only applies to actions in which the defendant is sued in his official capacity or under color of legal authority. It does not provide personal jurisdiction in an action against a federal official in his individual capacity.

The district court properly dismissed the complaint for lack of jurisdiction. The judgment is AFFIRMED.