955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Koshin HIRATANI, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE TREASURY; Federal Bureau of
Investigation, Defendants-Appellees.
 No. 91-55107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Koshin Hiratani appeals pro se the district court's dismissal of his 18 U.S.C. § 2520 action against the United States Department of Treasury (Treasury Department") and the Federal Bureau of Investigation ("FBI"). The district court found that it lacked subject matter jurisdiction to hear the action on the ground of sovereign immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). In civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Id. Federal agencies are not subject to suit eo nomine unless authorized by Congress in explicit language. Blackmar v. Guerre, 342 U.S. 512, 515 (1952). Waivers of sovereign immunity must be explicit and will not be implied. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The Administrative Procedure Act ("APA"), 5 U.S.C. § 702, waives sovereign immunity for actions by persons suffering legal wrong because of agency action and seeking relief other than money damages. 5 U.S.C. § 702; The Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 524-25 (9th Cir.1990).
 
 
 5
 Here, Hiratani's complaint alleged that defendants illegally placed a listening device on his telephone. Hiratani sought damages, punitive damages, and injunctive relief. Under the federal wiretapping statute, any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of the chapter may bring an action against the person or entity which engaged in that violation. 18 U.S.C. § 2520.[1]
 
 
 6
 Hiratani's claim for injunctive relief is not barred by sovereign immunity because the United States has consented to be sued for relief other than money damages under the APA. See 5 U.S.C. § 702; The Presbyterian Church, 870 F.2d at 524-25. Thus, the district court erred by dismissing Hiratani's claim for injunctive relief for failure to state a claim.
 
 
 7
 Hiratani's claims for damages against the Treasury Department and the FBI are barred by sovereign immunity. See Testan, 424 U.S. at 399; Blackmar, 342 U.S. at 515. Nevertheless, Hiratani could amend his complaint to state a claim under 18 U.S.C. § 2520 by naming individual federal defendants in their individual capacities. See Gilbert, 756 F.2d at 1459; Kilgore v. Mitchell, 623 F.2d 631, 633 (9th Cir.1980). The district court did not give Hiratani notice of the deficiencies in his complaint and opportunity to amend. See Noll, 809 F.2d at 1448. Thus, the district court erred by dismissing the action for failure to state a claim.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Hiratani's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Person" is defined as "any employee or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." 18 U.S.C. § 2510(6). "Entity" is not defined in the statute. See 18 U.S.C. §§ 2510-2520