991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George DICKEY, Plaintiff-Appellant,
v.
UNITED STATES of America; Commissioner of Internal Revenue
Service; United States Department of the
Treasury, Revenue Officers, K. Lentine;
V. Lodewyk, Defendants-Appellees.
 No. 92-55706.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Dickey appeals pro se the district court's dismissal of Dickey's action against the Commissioner of Internal Revenue and two Internal Revenue Service ("IRS") agents for lack of jurisdiction. Dickey alleged that the IRS illegally seized his property in satisfaction of his unpaid taxes without first issuing him the required notices. The district court dismissed Dickey's action because Dickey failed to pay the tax in issue prior to bringing his claim in district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review de novo a district court's dismissal on jurisdictional grounds. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). We "may affirm on any ground finding support in the record." Kruso v. International Tel. & Tel Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 The United States, as sovereign, may not be sued without its consent, and the terms of its consent define a court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Id. A suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 5
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 6
 The United States may, however, be named as a party "in any civil action or suit in any district court ... to quiet title ... to real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). A taxpayer may not, however, use section 2410 to attack collaterally the merits of a tax assessment. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 7
 Here, Dickey alleged that the IRS failed to notify him prior to issuing a levy against his property as required under 26 U.S.C. § 6331(d). Thus, it would appear that Dickey sought to bring a quiet title action under section 2410. A thorough review of Dickey's complaint, however, reveals that Dickey is challenging the underlying merits of his tax assessment. For instance, Dickey contends that he has no tax liability, that Congress has no power to levy a direct tax because the 16th Amendment has not been properly ratified, that the income tax laws are too difficult to understand and that he therefore cannot be held liable for performing the "impossibility" of filing proper returns. Accordingly, because Dickey sought to challenge the merits of his tax assessment, the district court properly dismissed his action for lack of jurisdiction. See Hughes, 953 F.2d at 538.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3