8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin M. MARIN, Plaintiff-Appellant,
v.
Ronald L. LOWE; Glynn Mallory, Defendants-Appellees.
 No. 92-15974.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 18, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin M. Marin appeals pro se the district court's dismissal for failure to state a claim of Marin's action against his superior officers in the military. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Marin filed this action against two of his superior officers, Ronald Lowe and Glynn Mallory. Marin alleged that his military record contained incorrect information and that the defendants had refused to cooperate in providing him access to his record and the information he needed to correct it. Marin also alleged that he was entitled to back pay he had not received. Marin alleged that the actions of the defendants violated his constitutional rights[1] and 42 U.S.C. § 1985(1). Marin sought mandamus relief, declaratory relief, and money damages.
 
 
 4
 The doctrine of intraservice immunity bars both negligent and intentional tort claims against military superiors or fellow servicemen for injuries arising out of or in the course of activities incident to military service. Feres v. United States, 340 U.S. 135, 146 (1950); Mollnow v. Carlton, 716 F.2d 627, 628 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). The Feres doctrine also precludes claims against superior officers or fellow servicemen for constitutional torts under Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971). Chappell v. Wallace, 462 U.S. 296 (1983); Mollnow, 716 F.2d at 628. Claims under 42 U.S.C. § 1985(1), which is a substantive statutory right rather than a remedy for violation of a constitutional right, are also barred under Feres and Chappell. Mollnow, 716 F.2d at 630-32.
 
 
 5
 Here, issues regarding Marin's military record and his entitlement to back pay are clearly incident to his military service. Marin contends that defendant Lowe was acting "ultra vires " and therefore is liable in his personal capacity. Where an action is brought based on actions or injuries which are not incident to service, the Feres doctrine will not bar relief simply because both parties are active military personnel. Lufz v. Secretary of the Air Force, 944 F.2d 1477, 1484-87 (9th Cir.1991) (holding Feres doctrine not applicable where officer alleged that subordinates broke into her office, stole her private mail, and disseminated it in an attempt to ruin her reputation and military career). Marin's conclusory allegations, however, are not sufficient to avoid the Feres doctrine in this case. The factual allegations show that Lowe was acting incident to service regarding Marin's evaluation and back pay, unlike the defendants in Lutz. See id. Thus, the district court correctly concluded that Marin's claims for common law and constitutional torts and violation of section 1985(1) are barred by the Feres doctrine. See Feres, 340 U.S. at 146; Mollnow, 716 F.2d at 628, 632.
 
 
 6
 Further, to the extent that Marin was alleging tort claims against the defendants in their official capacities, these claims are against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Because the United States has not waived sovereign immunity for constitutional torts under the Federal Tort Claims Act, the district court correctly dismissed these claims. Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991).
 
 
 7
 Marin also requests mandamus relief to compel defendants to correct his records and to assist him in his investigations. Mandamus is an extraordinary remedy and is available to compel an official to perform a duty owed to plaintiff only if (1) the plaintiff has a clear right to relief, (2) the official's duty is nondiscretionary, ministerial, and "so plainly prescribed as to be free from doubt," and (3) no other adequate remedy is available. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987).
 
 
 8
 Here, Marin has several administrative remedies which he has failed to exhaust. Army Regulation 623-105, Officer Evaluation Reporting System, provides for an appeal process. Further, Marin may appeal to the Army Board for Correction of Military Records. See 32 C.F.R. § 581.3; 10 U.S.C. § 1552. Marin can submit a pay inquiry, Department of the Army Form 2142, to the finance officer servicing his unit requesting determination of his back pay claim. Finally, he can file an administrative complaint against his commanders pursuant to 10 U.S.C. § 938. Because of the administrative remedies available to Marin, and because he has failed to exhaust them,[2] the district court correctly denied mandamus relief. See Azurin, 803 F.2d at 995.
 
 
 9
 Finally, Marin seeks a declaratory judgment that the Army's administrative remedies violate due process and the Administrative Procedures Act. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a federal court may grant declaratory relief in a case of actual controversy. Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir.1992). For declaratory relief, there must be " 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.' " Id. at 1092 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). Here, because Marin has not yet exhausted his administrative remedies, it would be premature to grant declaratory relief regarding the sufficiency of those remedies. See id. Further, where the underlying claims are damages claims based on actions incident to service, the Feres doctrine precludes this court from reviewing the intraservice remedies. See Mollnow, 716 F.2d at 629-30. Accordingly, the district court correctly dismissed Marin's claim for declaratory relief.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint, Marin alleged a claim under 42 U.S.C. § 1983. Because defendants were acting under color of federal law, not state law, we construe this as a claim pursuant to Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Marin alleges that he has exhausted his administrative remedies and, alternatively, that he need not exhaust because to do so would be futile. The documents which Marin has attached to his pleadings do not support his claim that he exhausted his administrative remedies. Further, his conclusory allegation that exhaustion would be futile is not sufficient to show that mandamus relief is warranted