12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Allen JOHNSON, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISONS; United States of America,
Defendants-Appellees.
 No. 93-35198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnson appeals a summary judgment for Warden Crabtree and an order striking Johnson's supplemental pleading. We affirm.
 
 
 3
 Johnson was a prisoner at the Federal Correctional Institution (FCI) in Sheridan, Oregon.[1] In 1991, he brought a civil rights action against the Bureau of Prisons and Warden Crabtree. He alleged that the prison violated his First, Eighth and Fourteenth Amendment rights by denying him a vegetarian diet. The district court dismissed the claim based on sovereign immunity. We affirmed the dismissal of the claims against the Bureau and the United States and the Eighth Amendment claim against Warden Crabtree. We reversed and remanded the First Amendment Bivens claim against Warden Crabtree.[2] Because the warden was being sued in his individual capacity for acts done in his official capacity, sovereign immunity did not apply. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 4
 After remand, Johnson filed a supplemental pleading. He brought claims against numerous Bureau employees at FCI Tucson and regional and national directors. He alleged that when he was transferred to FCI Tucson from June 1991 to August 1992, prison officials denied him a vegetarian diet.
 
 
 5
 The district court entered summary judgment for Warden Crabtree based on qualified immunity. It also struck Johnson's supplemental pleading because it added different facts and parties and lacked personal jurisdiction. Johnson appeals.
 
 
 6
 He concedes that FCI Sheridan provides inmates with a meatless vegetarian menu. Inmates can choose between a variety of items that meet their dietary needs. Even without meat consumption, the menus provide protein levels above the Recommended Daily Allowances established by the National Research Council. The prison also provides nutritional supplements such as vitamins, protein and carbohydrate powders.
 
 
 7
 Johnson requested that the prison provide a more restrictive vegetarian diet. He says his faith prohibits consumption of "animal products in any way, shape or form." This includes foods like pasta, noodles, beans and any vegetables prepared with animal products like milk, cheese, or eggs. He also wanted to order nutritional supplements from an outside vendor because supplements available through the prison commissary contain "animal fillers and binders and are not hypoallergenic, and the protein powder is egg based, not vegetable based."
 
 
 8
 Inmates have a right to a diet that sustains them in good health and satisfies the dietary needs of their religion. McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987); see also 28 CFR Sec. 548.13 (prison should comply with religious dietary laws to the extent practicable within the constraints of budget limitations and the security and orderly running of the institution and the BOP). In McElyea, however, we did not consider the precise restrictions that a prison may constitutionally impose on such a diet. Id. at 198 n. 2.
 
 
 9
 The prison's refusal to honor Johnson's requests was reasonably related to a legitimate penological interest and did not violate his First Amendment right. See Turner v. Safley, 482 U.S. 78, 89 (1987). Johnson's extreme vegetarian diet would be expensive and administratively burdensome because most processed foods and supplements contain some form of animal products. See e.g., Kahey v. Jones, 836 F.2d 948 (5th Cir.1988) (prison not required to prepare specially tailored nonpork menu to accommodate inmate's religious beliefs because of prison's interest in running simplified prison food service and because satisfying request would impose more than de minimis costs).
 
 
 10
 Johnson argues the prison denied him equal protection because it has Kosher diets for Jewish prisoners and nonpork diets for Muslims. He says the prison provides pork alternatives like beef patties, nonpork beans and beef or chicken franks. Johnson overlooks the fact that the prison also provides a meatless menu for vegetarian inmates. The inequality of treatment, if any, is caused by the difficulties in accommodating Johnson's extreme vegetarian diet. Because the prison's refusal is rationally related to a legitimate state interest, it did not violate Johnson's Fifth Amendment right to equal protection. Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987).
 
 
 11
 Even if a violation occurred, Warden Crabtree has qualified immunity because his conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because Johnson's request was for an extreme vegetarian diet, a reasonable officer could have believed that denying the request was lawful. Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991).
 
 
 12
 Johnson filed a supplemental pleading but failed to comply with Fed.R.Civ.P. 15(d). The court granted the defendant's motion to strike the pleading. Johnson failed to allege any facts that support personal jurisdiction or venue. See Gilbert v. DaGrossa, 756 F.2d 1455, 1459 (9th Cir.1985); Stafford v. Briggs, 444 U.S. 527, 544 (1980). The court's order striking the supplemental pleading was proper.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 He is no longer incarcerated
 
 
 [2]
 Johnson also alleged that the prison and Warden Crabtree violated his Fourteenth Amendment right to equal protection. The Fourteenth Amendment applies to actions by a state. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 542 n.21 (1987). Because the alleged wrongdoing in this case was by a federal employee and an agency of the federal government, the Fourteenth Amendment did not apply. Id. The Fifth Amendment, however, does apply to federal actions and has an equal protection component. Bolling v. Sharpe, 347 U.S. 497, 499 (1954); see also Davis v. Passman, 442 U.S. 228 (1979) (extending Bivens to Fifth Amendment equal protection claims). Because Johnson is a pro se litigant, we liberally construe his equal protection claim as a violation of his Fifth Amendment rights. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990). Our prior disposition reversed and remanded Johnson's First Amendment claim without mention of his equal protection claim. We address both issues now