17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John L. PASCUCCI, Plaintiff-Appellant,
v.
R.W. SHARN, Case Manager, Federal Prison Camp (FPC)
Sheridan, Oregon, in his individual and official
capacity, Defendant-Appellee.
 No. 93-35020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1993.*
Decided Feb. 1, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 MEMORANDUM**
 Federal prisoner John L. Pascucci appeals pro se the district court's summary judgment in favor of Russell W. Scharn, a case manager at the Federal Prison Camp in Sheridan, Oregon. Pascucci sued Scharn in his individual and official capacities, and alleged constitutional violations and sought relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. Sec. 1983. The district court granted Scharn's motion for summary judgment because: (1) Pascucci's Sec. 1983 claim failed to state that Scharn acted under color of state law; and (2) Pascucci's Bivens claims failed because Scharn's actions were protected by sovereign and qualified immunity. Pascucci filed a timely appeal. We affirm.
 We review the district court's order granting summary judgment de novo. Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993). In our review, "[w]e must determine whether, viewing the evidence in the light most favorable [to the non-moving party], there are any genuine issues of material fact, and whether the district court applied correctly the relevant substantive law." Id.
 "To state a cause of action under Sec. 1983, it is essential that the defendant has acted under color of state law." Chrisman v. Sisters of St. Joseph of Peace, 506 F.2d 308, 312 (9th Cir.1974), citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 188 (1970) (Brennan, J., concurring).
 
 
 1
 Pascucci's Complaint did not allege Scharn acted under color of state law. Additionally, Scharn's Declaration clearly reflects that at all times relevant he acted under color of federal law. Pascucci offered no evidence to the contrary. Pascucci's claim under 42 U.S.C. Sec. 1983 was properly dismissed.
 
 
 2
 Pascucci contends that the district court erred in finding that Scharn is protected from a Bivens suit in his official capacity by sovereign immunity. This contention lacks merit. As a sovereign, the United States is immune from suit unless it expressly waives its immunity and consents to be sued. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). A suit against a federal officer or employee in his official capacity is a suit against the United States. Id. The United States has not waived its sovereign immunity for suits seeking money damages under Bivens. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1984), cert. denied, 475 U.S. 1010 (1986). Because Pascucci seeks relief under Bivens, and Scharn is a federal officer, Pascucci's suit against Scharn in his official capacity is barred by sovereign immunity.[1]
 
 
 3
 Pascucci also contends that the district court erred in finding that Scharn is protected from suit in his individual capacity by qualified immunity. We review the district court's finding regarding qualified immunity de novo. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). Government officials performing discretionary functions are entitled to qualified immunity unless, in taking the challenged action, they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Moreover, qualified immunity is immunity from suit, not merely a defense to liability, and should be resolved at the earliest possible stage in the litigation. Hunter v. Bryant, 112 S.Ct. 534, 536 (1991) (per curiam).
 
 
 4
 Pascucci claims that Scharn violated his Fifth Amendment right by classifying him as a "violent sex offender," resulting in Pascucci being denied certain prison benefits and privileges. However, federal prison officials are given full discretion to control prisoner classification and eligibility for rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Prisoners have "no legitimate statutory or constitutional entitlement sufficient to invoke due process" if the prisoner is classified incorrectly or denied access to rehabilitative programs. Id. Since Pascucci has no constitutional entitlement to a particular prison classification, Scharn did not violate a clearly established constitutional right by classifying him as a "violent sex offender." Therefore, the district court correctly found that Scharn's actions in classifying Pascucci were protected by qualified immunity.
 
 
 5
 Pascucci also claims that Scharn violated his constitutional right by denying Pascucci's request for a transfer to a facility closer to his home. He asserts that Scharn's actions in denying the transfer request violated Board of Prisons policy, and therefore his constitutional right to be treated the same as other prisoners has been violated. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, [and] he has no justifiable expectation that he will be incarcerated in any particular state." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Therefore, the failure to grant Pascucci's requested transfer did not violate a clearly established right.
 
 
 6
 Nor does the fact that Scharn may have violated Board of Prisons policy serve as a basis for his being denied qualified immunity. "Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision," unless the statute or regulation violated gives rise to the cause of action brought. Davis v. Scherer, 468 U.S. 183, 194 & n. 12 (1984). The policy that Scharn allegedly violated does not give rise to a cause of action, nor is it the basis for Pascucci's claim. Rather, his claim is under Sec. 1983 and Bivens.[2] Accordingly, the district court correctly held that Scharn's actions were protected by qualified immunity.
 
 
 7
 Finally, Pascucci alleged that Scharn violated his Eighth Amendment right by failing to transfer him after a psychologist, who had treated him for twelve months, prescribed a transfer for "valid medical and psychological reasons." This allegation fails to state a claim for an Eighth Amendment violation because it does not rise to the level of a "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). By Pascucci's own admission, he received regular psychological treatment at the Federal Prison Camp in Sheridan. Prisoners are not entitled to unqualified access to health care, and "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.' " Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). In light of the fact that Pascucci was receiving treatment at Sheridan, Scharn's actions in denying the transfer did not constitute a clear indifference to Pascucci's medical needs, nor is it clearly established that such needs were serious. Therefore, the district court correctly granted qualified immunity to Scharn on the ground that he did not violate a clearly established constitutional right.
 
 
 8
 Pascucci contends that the district court erred by failing to advise him that he needed to submit responsive evidence in opposition to the summary judgment motion. Before entering summary judgment, the district court is obligated to advise a pro se prison litigant of the requirements of Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The court must advise a pro se prisoner litigant that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se prisoner litigants no matter how sophisticated they may appear. Id.
 
 
 9
 The record contains no evidence to suggest that the district court advised Pascucci on the requirements of Rule 56. Nevertheless, no prejudice occurred because Pascucci's claims fail as a matter of law. Even if all of the allegations asserted by Pascucci were true and backed up by the requisite evidence under Rule 56, Pascucci would be unable to overcome the sovereign and qualified immunity enjoyed by Scharn. Pascucci does not identify any constitutional or statutory violation that would entitle him to relief. Therefore, although the district court may have erred in failing to advise Pascucci on the requirements of Rule 56, we affirm the grant of summary judgment because Pascucci has suffered no prejudice from the district court's error.
 
 
 10
 Pascucci also contends that the district court erred by staying discovery prior to granting summary judgment. An order limiting the scope of discovery is reviewed for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992). This claim lacks merit. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Because Pascucci's allegations failed to identify any constitutional or statutory violation that would entitle him to relief, the district court did not abuse its discretion by staying discovery pending the outcome of Scharn's summary judgment motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While it is not addressed by either of the parties, or by the district court, we note that not only did Pascucci ask for money damages, but he also prayed for injunctive relief. This raises the question of whether the United States has waived sovereign immunity in this case under 5 U.S.C. Sec. 702, which states:
 An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.
 Section 10(b) of the Administrative Procedure Act, 5 U.S.C. Sec. 702. However, Congress explicitly retained immunity with respect to agency decisions which are discretionary. See 5 U.S.C. Sec. 701(a)(2). All of the actions taken by Scharn which form the basis of Pascucci's complaint were discretionary. Therefore, we find that the United States has not waived sovereign immunity under 5 U.S.C. Sec. 702 as to injunctions regarding those actions.
 
 
 [2]
 Pascucci's claim that in violating Board of Prison policy, Scharn was denying Pascucci the same treatment afforded other prisoners appears to state a claim that he was denied equal protection under the due process clause of the Fifth Amendment. Bolling v. Sharpe, 347 U.S. 497, 499 (1953). However, this would not be an adequate basis for denying Scharn qualified immunity. Because Pascucci is not in a suspect classification, and as discussed above, there is no constitutional right to be incarcerated in a particular prison, Scharn's actions do not violate equal protection under due process unless they fail the rational basis test. City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). The record shows that Scharn had a rational basis for denying the transfer