46 F.3d 1138
 75 A.F.T.R.2d 95-830, 95-1 USTC P 50,067
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph BRIAN; Karen Brian; Koreen Morgan; and Robert L.
Chapple, Plaintiffs-Appellants,
v.
Phylis J. GUGIN; James L. Mason; Cheryl Mosby; Richard
Owens; Special Agent Hines, of the IRS; Sid Brown, Madison
County Prosecutor; Greg Moffit, Madison County Sheriff;
and Pat Molloy, U.S. Attorney, Defendants-Appellees.
 No. 94-35392.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1994, as to Appellees.
Submitted Dec. 8, 1994, as to Appellants.*
Decided Jan. 10, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph and Karen Brian, Koreen Morgan, and Robert Chapple ("Taxpayers") filed the instant pro se complaint in federal district court, seeking damages and injunctive relief against a United States Attorney, five IRS agents, a county prosecutor, and a county sheriff. The district court granted the defendants' motions to dismiss, and Taxpayers have timely appealed. We affirm.
 
 
 3
 Because Taxpayers sued the IRS agents in their official capacities for conduct undertaken as federal officers, Taxpayers' action is really against the United States. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). However, Taxpayers neither alleged nor showed that the United States waived its sovereign immunity to suit, and nothing in their complaint indicates that the action could be brought under either 26 U.S.C. Sec. 7433(a)[1] or 28 U.S.C. Sec. 1346(a)(1).[2] The Federal Tort Claims Act, 28 U.S.C. Secs. 2671-2680, is similarly unavailable, see 28 U.S.C. Sec. 2680(c);[3] and there is no basis for bringing this action as a Bivens claim against the individual defendants. See Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). Accordingly, the district court did not err by dismissing Taxpayers' claims against the IRS agents.
 
 
 4
 Having been sued with respect to his "judicial phase" actions undertaken as a federal prosecutor, the U.S. Attorney enjoys absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 422-24 (1976); Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir.1991). The same must be said of the county prosecutor, who was sued in his official capacity for having declined to bring criminal charges against the IRS agents who walked onto the Brians' driveway.
 
 
 5
 The underlying premise to Taxpayers' argument against the sheriff for having failed to arrest the IRS agents is that the IRS cannot levy on an assessed but unpaid tax liability by seizing property without first obtaining a court order. This is wrong. See 26 U.S.C. Secs. 6331(b), 6502(a); Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir.1991), cert. denied, 112 S.Ct. 1957 (1992). See also G.M. Leasing Corp. v. United States, 429 U.S. 338, 358 (1977). Taxpayers neither alleged nor showed that the IRS failed to issue the requisite notices and demands for payment prior to the attempted seizure, and they make no such argument on appeal, either.
 
 
 6
 In Maisano v. Welcher, supra, we upheld a district court's entry of summary judgment in favor of defendants who had seized vehicles from the plaintiffs' driveway without obtaining a search warrant. 940 F.2d at 503. In doing so, we explained that
 
 
 7
 [a] driveway is only a semiprivate area. The expectation of privacy which a possessor of land may reasonably have while carrying on activities on his driveway will generally depend upon the nature of the activities and the degree of visibility from the street.... In order to establish a reasonable expectation of privacy in their driveway, the plaintiffs must support that expectation by detailing the special features of the driveway itself (i.e., enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it.
 
 
 8
 Id. (citations and internal quotation omitted).
 
 
 9
 Taxpayers failed to allege and show that the Brians' driveway was barred from outside access--indeed, they state in their complaint that Morgan and Chapple drove directly from the street onto the driveway in order to block the IRS agents from removing any vehicles--and they have offered nothing to indicate that they were "carrying on activities requiring Fourth Amendment protection on their driveway." Id. Accordingly, the district court did not err by ruling as it did on this issue, either.
 
 
 10
 Because we find no merit to any of Taxpayers' remaining arguments, the decision appealed from is
 
 
 11
 AFFIRMED. The request for fees on appeal is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument as to the appellants. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 7433(a) permits a taxpayer to bring suit in federal district court for damages against "any officer or employee of the Internal Revenue Service [who] recklessly or intentionally disregards any provision" or regulation of the Tax Code, provided the taxpayer first exhausts available administrative remedies. See 26 U.S.C. Sec. 7433(d)(1)
 
 
 [2]
 Section 1346(a)(1) permits a taxpayer to file suit in federal district court for a refund of taxes assessed and paid, if the taxpayer first presents his administrative claim to the IRS. See 26 U.S.C. Secs. 6532(a), 7422(a))
 
 
 [3]
 Section 2680(c) bars "[a]ny claim arising in respect of the assessment or collection of any tax."