**Henry Chun Ho HYUN, Plaintiff,**

v.

**Charles O. ROSSOTTI, (Commissioner, Internal Revenue Service); et al. Defendants.**

No. 98–746–PHX–ROS.

United States District Court, D. Arizona.

Feb. 9, 1999.

Henry Chun Ho Hyun, Glendale, AZ, pro se.

Brian J. Feldman, U.S. Department of Justice, Tax Division, Washington, DC, Patrick Irvine, Tax Division, Attorney General's Office, Assistant Attorney General, Phoenix, AZ, for Charles O. Rossotti, Commissioner, Internal Revenue Service, Jack Chetasky, District Director, Internal Revenue Service, Internal Revenue Service, Arizona Revenue, Department of, dfts.

## ORDER

SILVER, District Judge.

Plaintiff filed a Complaint in this action on April 30, 1998 against Charles Rossotti, the Commissioner of the Internal Revenue Service ("the I.R.S."); Jack Chetasky and Al Ziccardi, I.R.S. employees; and the Arizona Department of Revenue ("A.D.R."). It is difficult to determine the bases for Plaintiff's allegations, for his Complaint lacks factual specificity and merely recites a litany of federal statutes and constitutional provisions, including some criminal statutes. However, Plaintiff appears to contend that the I.R.S. Defendants failed to comply with administrative regulations, including its alleged "failure to make a proper assessment" of Plaintiff's tax obligations and "failure to provide Plaintiff a copy of the assessment upon request." (Comp. at ¶¶ A–O.) According to I.R.S. documents, Plaintiff appears to owe several thousand dollars to the I.R.S., (Certificate of Assessments and Payments, attached to I.R.S. Defs.' Reply), which Plaintiff apparently contests. According to Plaintiff, the I.R.S. has issued levies on Plaintiff's military retirement pay and his checking account, which Plaintiff claims are improper. (Pl.'s "Reply" at 1.) Plaintiff's apparent grievance with the A.D.R. is that Arizona bases its income taxes on a taxpayer's adjusted gross income according to the federal Internal Revenue Code. Because Plaintiff asserts that he has no adjusted gross income under the federal tax code, he claims that he therefore has no adjusted gross income under the state code. (Compl. at 9.)

### I. *Plaintiff's Claim Against A.D.R.:*

Plaintiff does not assert that A.D.R. has issued an assessment to him. As mentioned above, Plaintiff's complaint with A.D.R. seems to relate to its use of I.R.S. methods of income calculation for state tax

purposes. Plaintiff seeks "[i]njunctive relief against Respondent ARIZONA DEPARTMENT OF REVENUE on the basis that lack of gross income under the federal Internal Revenue Code precludes having adjusted gross income under A.R.S. § 43–102." (Compl. at 10.) In addition to the injunctive relief he seeks against A.D.R., Plaintiff also seeks "[s]uch other relief as the court deems just and proper," (Compl. at 10), though it is unclear whether Plaintiff seeks such relief against A.D.R. or if that request, like most of Plaintiff's Complaint, is directed towards the I.R.S. Defendants.

 Regardless of what kind of relief Plaintiff seeks, his suit against A.D.R. is barred by the 11th Amendment to the United States Constitution. According to the 11th Amendment and the Supreme Court's interpretation of that provision, a state can not be sued in federal court, either by one of its own citizens or by a citizen of another state. U.S. Const., amend. XI; *California and State Lands Com'n v. Deep Sea Research, Inc.*, 523 U.S. 491, 118 S.Ct. 1464, 1470, 149 L.Ed.2d 626 (1998). Therefore, as a state agency, A.D.R. cannot be sued in federal court and

Hyun's claims against A.D.R. must be dismissed.[1]

## II. The I.R.S. Defendants:

 The Court notes that the portion of Plaintiff's Complaint directed at the I.R.S. Defendants is virtually identical to a complaint filed by another plaintiff in this district.[2] *Cozad v. Dept of Treasury–Internal Revenue Service et al.*, No. CIV 98–309–PHX–PGR (D.Ariz. Feb. 23, 1998) (Complaint). The court in that case dismissed the action on a number or grounds, including that the court lacked subject matter jurisdiction to enjoin the collection of federal taxes because none of the exceptions to the Anti–Injunction Act, 26 U.S.C. § 7421(a), were present, and that claims against the United States were barred by the doctrine of sovereign immunity. *Cozad*, No. CIV 98–309–PHX–PGR (D.Ariz. May 28, 1998) (Order). The Court finds that Plaintiff's claims against the I.R.S. Defendants are subject to dismissal on similar grounds as in *Cozad*. *Id.* A plaintiff seeking injunctive relief related to the assessment and collection of taxes bears the burden of establishing that his claims fall within the narrow exceptions to the

1. A.D.R. is correct in noting that there are several alternative grounds upon which Plaintiff's suit against A.D.R. could be dismissed. Under 28 U.S.C. § 1341, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Plaintiff has not offered any support for the notion that Arizona lacks a "plain, speedy and efficient remedy" for airing grievances relating to state tax collection. *Id.; see, e.g., Rosewell v. LaSalle National Bank*, 450 U.S. 503, 514, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). As A.D.R. points out, the laws of Arizona provide ample opportunities for review of A.D.R. decisions through appeals to the State Board of Tax Appeals, tax court, and the Arizona state courts. A.R.S. §§ 42–122, 42–124(A), 42–124(B). Because Plaintiff offers no reason to doubt that the administrative and judicial review provided for in these provisions are "plain, speedy and efficient," this Court has no jurisdiction to issue injunctive relief. 28 U.S.C. § 1341. Therefore, to the extent that Plaintiff seeks such relief, his claims against A.D.R. could also be dismissed

under 28 U.S.C. § 1341. Moreover, because Plaintiff has alleged virtually no factual basis upon which to find A.D.R. liable under any of the theories he suggests, his claims against A.D.R. could also be dismissed pursuant to Fed. Rs. Civ. P. 8(a) and 12(b)(6) for failure to set forth a short and plain statement of the claim and to state a claim upon which relief can be granted. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Since alternative grounds for dismissal exist, if Plaintiff sought to amend his Complaint to correct the obstacle presented by the 11th Amendment, such a motion would be denied as futile.

2. It is also worth noting that Plaintiff filed petition for habeas corpus against the United States Department of Treasury in this district in 1997 claiming that the I.R.S. was "'restraining [his] liberty by holding [him] in a condition of involuntary servitude without due process of law.'" *Hyun v. United States Department of Treasury*, CIV 97–2595–PHX–SMM (D.Ariz. Dec. 22, 1997.) (Order, quoting Plaintiff's petition). The Court promptly dismissed Plaintiff's petition.

Anti–Injunction Act's general denial of the district courts' jurisdiction to hear such claims. 26 U.S.C. § 7421(a). Plaintiff has failed to do so. Plaintiff has also failed to establish that the claims against the I.R.S. Defendants are not barred by the doctrine of sovereign immunity, which prohibits suits against the United States unless the United States has explicitly consented to be sued. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). While Plaintiff has sued the I.R.S. Defendants in their individual capacity, "it has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." *Id.* Plaintiff thus bears the burden of establishing that the United States has "unequivocally expressed" its waiver of sovereign immunity and has consented to be sued before this Court has jurisdiction to hear the case. *Id.; Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.1983). While Plaintiff cites a plethora of statutory provisions, none of them indicates that the United States has waived sovereign immunity under the circumstances of this case. Finally, Plaintiff's claims against the I.R.S. Defendants, like Plaintiff's claims against A.D.R., could also be dismissed pursuant to Fed. Rs. Civ. P. 8(a) and 12(b)(6) for failure to set forth a short and plain statement of the claim and to state a claim upon which relief can be granted. *McHenry,* 84 F.3d at 1178. Plaintiff's Complaint fails to state a factual basis for his claims and is virtually incomprehensible. It is thus similar to the claims that the Ninth Circuit dismissed in *McHenry,* 84 F.3d at 1178, concluding that "[d]espite all the pages, requiring a great deal of time for perusal, one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Therefore, Plaintiff's claims against the I.R.S. Defendants and A.D.R. will be dismissed.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by Federal Defendants Charles Rossotti, Jack Chetasky, and Al Ziccardi (doc. 5) is granted.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Arizona Department of Revenue (doc. 11) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction (doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment (doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Mandamus (doc. 12) is denied as moot.