NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO A. FRAUSTO, | No. 17-56586 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00177-SVW-PLA |
| v. | |
| DANIEL MURRAY, Auditor, in his individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Marco A. Frausto appeals pro se from the district court's order dismissing

his action against the Internal Revenue Service and federal officials arising from

tax return audits.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a dismissal based on sovereign immunity.  *Harger v. Dep't of Labor*, 569

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 898, 903 (9th Cir. 2009).  We affirm.

The district court properly dismissed Frausto's action for lack of subject matter jurisdiction because Frausto failed to allege facts sufficient to show an explicit waiver of sovereign immunity.  *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (stating that the United States is immune from suit unless it has expressly waived its sovereign immunity, and "sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants").

The district court did not abuse its discretion by dismissing the complaint without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**